# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANDMARK WEST ENTERPRISES, LLC, ) ) ) Appellee, ) ) vs. ) ) WEI YU REN, ) ) Appellant. ) | Case No. CIV-07-0280-F |

## ORDER

Appellee Landmark West Enterprises, LLC's "Motion to Dismiss Appeal," filed March 12, 2007, is before the court. (Doc. no. 5.) Appellant Wei Yu Ren has responded, and the motion is ready for determination.

As described by appellant Ren, the order of the bankruptcy court which is appealed in this action is the bankruptcy court's order that denied appellant Ren's motion to reconsider the bankruptcy court's order on summary judgment. (Ren's response to the motion to dismiss, doc. no. 7, p. 1.) Landmark makes two arguments in support of its motion to dismiss this appeal, both involving timeliness issues.

First, appellee Landmark argues that Ren's notice of appeal was filed too late. According to the docket sheet (attached to appellant Ren's response brief as Exhibit "B"), the bankruptcy court's order denying reconsideration of its order on summary judgment was signed on December 26, 2006 but not entered on the bankruptcy court docket until January 9, 2007. (Bankruptcy court doc. no. 41.) The notice of appeal was filed on January 10, 2007. (Bankruptcy court doc. no. 42.)

Bankruptcy Rule 8002 provides that the notice of appeal must be filed within ten days from "the date of the entry of the judgment, order, or decree appealed from."

Thus, Rule 8002 clearly indicates that it is the entry date, not the date an order was signed, which causes the ten-day appeal period to commence.  *See*, In re Henry Brothers Partnership v. United States of America, 214 B.R. 192, 195 (1997) ("A document is entered [for purposes of Rule 8002] when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document.").  The notice of appeal was entered one day after the order which is the subject of this appeal was entered.  Accordingly, Landmark has not shown that the appeal is untimely under Rule 8002.

Second, Landmark argues that this appeal must be dismissed because Ren's motion to reconsider the bankruptcy court's summary judgment order was filed too late. The bankruptcy court's order granting summary judgment to Landmark was filed May 9, 2006.  Ren's motion to reconsider the summary judgment order was filed 16 days later, on May 25, 2006.  Appellee Landmark argues that the motion to reconsider is, in effect, a motion for new trial governed by Bankruptcy Rule 9023 and Rule 59, Fed. R. Civ. P.  (Rule 9023 states that Rule 59 applies in cases under the bankruptcy code except in certain instances which do not apply here.)  Rule 59 provides that a motion for new trial must be filed within ten days of entry of judgment.

The courts have determined that a motion for reconsideration may be construed in one of two ways.  Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296, n.3 (10th Cir. 2002).  If filed within ten days of the district court's entry of judgment, a motion for reconsideration is treated as a motion to alter or amend the judgment under Rule 59(e).  If filed more than ten days after entry of judgment, a motion for reconsideration is treated as a motion for relief from judgment under Rule 60(b).  *Id*.  Because Ren's motion to reconsider was filed with the bankruptcy court more than ten days after the summary judgment order, Bankruptcy Rule 9024 and Rule 60(b), Fed. R. Civ. P., apply.  (Bankruptcy Rule 9024 makes Rule

60 applicable to cases under the bankruptcy code except in certain circumstances which do not apply here.)

The subsection of Rule 60(b) which is most arguably applicable to Ren's motion to reconsider is subsection (6). Rule 60(b) provides that motions under subsection (6) are timely if brought "within a reasonable time." Barring unusual circumstances none of which are argued for here, 16 days is a *per se* reasonable period of time to bring a motion to reconsider. Thus, appellee Landmark has not shown that appellant Ren's motion for reconsideration was untimely and its argument provides no basis upon which to dismiss this appeal.

After careful consideration of the parties' submissions, the record, and the relevant legal authorities, appellee Landmark's motion to dismiss is **DENIED**.

Dated this 3rd day of April, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0280p003(pub).wpd