**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

LANDMARK WEST ENTERPRISES,   )
LLC,                                  )
                                   )
     Appellee,                    )
                                 )
vs.                                )    Case No. CIV-07-0280-F
                                 )
WEI YU REN,                 )
                                 )
     Appellant.                )

## ORDER

Appellee Landmark West Enterprises, LLC's "Motion to Reconsider and/or Clarify Order," filed April 4, 2007, is before the court. (Doc. no. 9.) Appellant Wei Yu Ren has responded and the motion is ready for determination.

The motion seeks reconsideration or clarification of this court's order of April 3, 2007 (doc. no. 8). The April order denied Landmark's motion to dismiss this appeal. The motion to dismiss argued that this entire action was untimely.

The April order was premised on the understanding, noted on p. 1 of that order, that the subject of this action is an appeal of the bankruptcy court's order of December 26, 2006 (entered on the bankruptcy docket on January 9, 2007). That December 26 order denied Ren's motion to the bankruptcy court seeking reconsideration of that court's May 9, 2006 ruling on summary judgment. This court's understanding that the only subject of this appeal was the bankruptcy court's denial of the motion to reconsider was based on Ren's statement, contained in Ren's response to Landmark's motion to dismiss, that:

> Appellant [Ren] is appealing an Order Denying Motion to Reconsider, which was entered on the docket on January 9, 2007. (A copy of the Order Denying Motion to Reconsider is attached hereto and marked Exhibit "A.").

(Doc. no. 7, at p. 1.)

Appellee Landmark's motion to reconsider or clarify now points out, however, that this action, at least as described in Ren's notice of appeal filed with the bankruptcy court on January 10, 2007, purports to include not only a challenge to the bankruptcy court's denial of the motion for reconsideration, but also a challenge to the bankruptcy court's May 9, 2006 ruling on summary judgment. Landmark argues that to the extent this appeal includes a challenge to the bankruptcy court's ruling on May 9, 2006, the appeal is untimely. Landmark therefore moves this court to clarify its April 3 order with findings that the only matter which can be addressed in this action is the bankruptcy court's decision to deny Ren's motion to reconsider the bankruptcy court's May 9, 2006 ruling on summary judgment, and that Ren will not be allowed to argue the merits of the judgment entered on May 9, 2006.

Landmark's arguments regarding the untimeliness of Ren's appeal of the May 9 ruling are based on Bankruptcy Rule 8002(b)(4). Rule 8002(b)(4) provides that a Rule 9024 motion, such as Ren's motion for reconsideration,[1] only extends the time for an appeal if the Rule 9024 motion is filed within ten days of the entry of the judgment, which it is undisputed is not the case here. *See*, In re: Good, 281 B.R. 689, 698-99 (10th Cir. BAP, 2002) (under Rule 8002(b)(4), the bankruptcy court's order on fees could not be appealed, but the appeal was timely with respect to the

---

[1]There is no dispute that Ren's motion to reconsider filed with the bankruptcy court should be construed as a Rule 9024(b) motion.

bankruptcy court's order denying reconsideration of the fee award).  Ren's response brief does not appear to expressly dispute Landmark's contention that the only timely subject of this appeal is the bankruptcy court's denial of Ren's motion to reconsider. Ren's five-sentence response to Landmark's motion for reconsideration or clarification simply urges the court to "uphold its Order filed April 3, 2007," based on the timing of Ren's motion to reconsider.

After careful consideration of the parties' submissions, the record, and the relevant legal authorities, Landmark's motion to reconsider or clarify is **GRANTED**. The court clarifies its April 3, 2007 order as follows.

The subject of this court's April 3, 2007 order is the timeliness of Ren's appeal of the bankruptcy court's denial of Ren's motion to the bankruptcy court to reconsider the bankruptcy court's May 9, 2006 ruling on summary judgment.  The undersigned continues to find and conclude that the bankruptcy court's denial of Ren's motion to reconsider is a timely subject of this appeal.  Accordingly, to the extent that Landmark's motion to dismiss this action sought to dismiss Ren's appeal of the bankruptcy court's order of December 26, 2006 (entered on the bankruptcy court's docket on January 9, 2007), Landmark's motion to dismiss remains **DENIED**.

The court now further finds and concludes that the bankruptcy court's May 9, 2006 ruling on summary judgment is not a timely subject of this appeal.  Therefore, to the extent that this action includes an appeal of the bankruptcy court's ruling on summary judgment of May 9, 2006, that aspect of this appeal is untimely and it is **DISMISSED** on that basis.  Accordingly, in this action, appellant Ren will not be allowed to argue the merits of the judgment entered by the bankruptcy court on May 9, 2006 (except to the limited extent that such arguments might bear on the question

of whether, in its order of December 26, 2006, the bankruptcy court correctly denied Ren's motion to reconsider the May 9, 2006 ruling).

Dated this 20th day of April, 2007.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0280p004(pub).wpd

-4-