**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LANDMARK WEST ENTERPRISES, LLC, | ) ) ) |
| Appellee, | ) ) |
| vs. | ) Case No. CIV-07-0280-F ) |
| WEI YU REN, | ) ) |
| Appellant. | ) ) |

**ORDER**

Appellant Wei Yu Ren ("Ren") appeals an order of the Bankruptcy Court for the Western District of Oklahoma which denied a motion to reconsider summary judgment in favor of Landmark West Enterprises, LLC ("Landmark"). The issues have been fully briefed and are ready for determination. The court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a).

The parties agree that Ren's motion to reconsider should be construed as a motion under Bankruptcy Rule 9024(b) and that B. R. 9024(b) incorporates Rule 60, Fed. R. Civ. P. The parties further agree that the bankruptcy court should have determined the motion to reconsider under the requirements of Rule 60, specifically the requirements of Rule 60(b). Although Ren's briefing does not clarify which particular subsection of Rule 60(b) she contends applied to her motion to reconsider, the only arguably applicable subsection is (6), the catch-all subsection which applies when "any other reason justifying relief from the operation of the judgment" is established.

Standards

When reviewing a bankruptcy court's determination of a Rule 60(b)-type motion to reconsider, to the extent the bankruptcy court based its ruling on discretionary factors, the review is for abuse of discretion; to the extent the bankruptcy court's ruling was based on its findings of fact and conclusions of law, traditional review applies to those determinations – clearly erroneous is the standard of review for the findings of fact, and *de novo* review applies to the legal conclusions. Ebel v. Ebel, 120 F.3d 270, *4 (10th Cir. 1997).[1] When a motion to reconsider "basically revisits" the same issues already addressed and dismissed by the court, a court then reviews that decision to grant or deny a Rule 60(b)(6)-type motion to reconsider, for abuse of discretion. *See*, Van Skiver, 952 F.2d 1241, 1243 (10th Cir. 1992) (taxpayers' quiet title action; district court did not abuse its discretion in denying plaintiffs' Rule 60(b)-type motion to reconsider, where motion revisited issues already addressed); In re Gledhill, 76 F.3d 1070, 1081 (10th Cir. 1996) (bankruptcy appeal stating "the district court correctly concluded that under the exceptional circumstances of this case the bankruptcy court did not abuse its discretion in granting the Trustee's motion for relief from the order lifting the stay under Rule 60(b)(6)," where there were exceptional circumstances).

In general, Rule 60(b) gives the court a grand reservoir of equitable power to do justice in a particular case. Pierce v. Cook & Co., Inc., 518 F.2d 720, 722 (10th Cir. 1975). The rule should be liberally construed when substantial justice will be served. *Id.* Nevertheless, in bankruptcy cases as in other cases, relief is only justified under Rule 60(b), including under subsection (6), in exceptional circumstances. In re Gledhill, 76 F.3d 1070, 1081 (10th Cir. 1996).

---

[1] This is an unpublished opinion cited here according to the requirements of 10th Cir. R. 36.3.

Appeal from the denial of a Rule 60(b)-type motion for reconsideration raises for review only the court's order of denial and not the underlying judgment itself. Van Skiver, 952 F.2d at 1243. Thus, in this appeal, this court considers only the correctness of the bankruptcy court's denial of the Rule 60(b)(6) motion to reconsider; this court does not address the correctness of the order on summary judgment except to note that order has been upheld in another appeal. *See*, CIV-07-0281-F, Landmark West Enterprises, LLC, Appellee v. Xiang Yu Ren, Appellant, (doc. no. 12 in that case).[2]

## Discussion

The issue presented in this appeal is whether the bankruptcy court erred when it denied Ren's motion for reconsideration presumably on the grounds that there were no exceptional circumstances warranting relief from the summary judgment order as required by Rule 60(b)(6).[3]

---

[2]The order in that appeal also upheld the bankruptcy court's denial of the motion to reconsider, because the notice of appeal challenged both orders of the bankruptcy court. Although not required to do so, out of an abundance of caution, in this action the court has considered the correctness of the bankruptcy court's denial of the motion to reconsider *de novo*.

[3]The bankruptcy court's order denying reconsideration states that the motion was denied "[a]fter reviewing the pleadings filed herein by the parties and listening to the arguments of counsel...." Ren did not designate the transcript of the hearing on the motion for inclusion in the record in this appeal. But Landmark's written response to Ren's motion for reconsideration cites Van Skiver, a case cited several times in the text of this order. In Van Skiver, the Tenth Circuit construed a motion to reconsider as a Rule 60 motion because the motion was filed outside the ten-day period. The court then concluded that the movant had not shown any exceptional circumstances for relief under Rule 60(b)(1) or (6). Thus, in this appeal, there is every reason to presume that the bankruptcy court denied Ren's motion to reconsider based on a Rule 60(b) analysis. If not, that is not a fact which Ren should be allowed to exploit, given Ren's failure to include the transcript of the hearing in the record. Regardless of the analysis used by the bankruptcy court, this court finds that denial of the motion was the correct result. Moreover, the court finds that the bankruptcy court did not err in determining that the motion should be denied, whether the bankruptcy court applied discretionary factors, which is likely given the reiterative nature of Ren's arguments, or whether the bankruptcy court's denial of the motion was based on findings of fact which this court reviews under the clearly erroneous standard and conclusions of law which this court reviews *de novo*. Under any standard of review, there was no error.

Ren's motion for reconsideration argued to the bankruptcy court that 11 U.S.C. §523(a)(2)(A) provides that a debt is not discharged "to the extent obtained by fraud," and that in this case nothing was "obtained by" Ren, so that the requirements for excluding the subject debt from discharge were not met. This same argument had been presented to the bankruptcy court as a part of Ren's brief filed in response to Landmark's motion for summary judgment. In other words, Ren's motion to reconsider argued that when the bankruptcy court granted Landmark's motion for summary judgment, the bankruptcy court either misapplied the law or misunderstood Ren's position.

These types of arguments are properly brought under Rule 59(e) within ten days of the bankruptcy court's judgment or on direct appeal, but they do not justify relief from a court's judgment under Rule 60(b). Van Skiver, 952 F.2d at 1244. Nor has Ren recited any exceptional circumstances warranting relief under Rule 60(b)(6). The grounds offered by Ren in her briefing of this appeal do not even purport to affirmatively show that she is entitled to Rule 60(b)(6) relief. Ren merely argues that *the three reasons offered by Landmark* when *Landmark* objected to Ren's motion for reconsideration, were not good reasons for the bankruptcy court to have denied reconsideration. The court's review of the record also does not disclose any exceptional circumstances that might justify relief under Rule 60(b)(6). *See*, *id*. (plaintiffs did not show, and court's review of the record did not disclose, any exceptional circumstances so that no relief was warranted under Rule 60(b)(1) or (6) in appeal of trial court's denial of plaintiffs' motion to reconsider).

Accordingly, the court finds and concludes that the bankruptcy court did not err when it denied Ren's motion to reconsider.

Conclusion

After careful consideration of the parties' submissions, the record, and the relevant legal authorities, the bankruptcy court's order denying Ren's motion to reconsider is **AFFIRMED**.

Dated this 8th day of June, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0280p007(pub).wpd